```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
ASTON SHAW,                                                 :   MEMORANDUM
                                                            :   DECISION AND ORDER
                                        Plaintiff,          :
                                                            :   16-cv-6972 (BMC)
                   - against -                              :
                                                            :
LONG ISLAND RAILROAD COMPANY d/b/a                          :
MTA LONG ISLAND RAILROAD,                                   :
METROPOLITAN TRANSIT AUTHORITY,                             :
and MARILYN KUSTOFF, in her personal and                    :
official capacity,                                          :
                                                            :
                                        Defendants.         :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

In this employment-discrimination action, defendants Long Island Railroad Company and Marilyn Kustoff move to dismiss plaintiff's claims under the New York State Human Rights Law, New York Executive Law § 296, and New York City Human Rights Law, New York Administrative Code § 8-107, based on plaintiff's failure to comply with New York Public Authorities Law § 1276.  PAL § 1276 is one of a number of state statutes by which the State, on its own behalf or on behalf of municipalities, counties, wholly-owned state corporations, or other state entities, has conditioned its waiver of sovereign immunity on plaintiff's compliance with certain notice, pleading, or pre-suit claim requirements.  Here, because plaintiff failed to make a pre-suit demand on defendants 30 days before commencing this action as required by PAL § 1276(1), his claims under the Human Rights Laws are dismissed.

I.     **Statutory Background**

PAL § 1276 is entitled "Actions against the authority." The "authority" refers to the Metropolitan Transit Authority; New York courts have interpreted the term to include the MTA's subsidiary (defendant here), the Long Island Rail Road Company. See Andersen v. Long Island R.R., 88 A.D.2d 328, 329, 453 N.Y.S.2d 203 (2nd Dep't 1982), aff'd, 59 N.Y.2d 657, 463 N.Y.S.2d 407 (1983). The first two subsections of PAL § 1276 provide:

> (1) As a condition to the consent of the state to such suits against the authority, in every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof.
>
> (2) An action against the authority founded on tort, except an action for wrongful death, shall not be commenced more than one year and ninety days after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law. An action against the authority for wrongful death shall be commenced in accordance with the notice of claim and time limitation provisions of title eleven of article nine of this chapter.

I will refer to subsection (1) as the "demand" provision, and subsection (2) as the "notice-of-claim" provision. These two types of provisions appear in various forms in other New York statutes addressing suits against governmental or governmentally-owned entities.

Subsection (1), the demand provision, applies to "every action against the authority for damages, for injuries to real or personal property or for the destruction thereof, or for personal injuries or death." This subsection appears to apply to every form of action other than one for injunctive or other equitable relief. It imposes a pleading requirement: the plaintiff must plead that 30 days have passed since his "demand" or "claim" was "presented to a member of the authority" or other "designated officer."

Subsection (2), the notice-of-claim provision, is narrower.  First, it applies only to actions "founded in tort," and addresses wrongful death claims separately from other torts.[1]  As to all tort actions except those for wrongful death, § 1276(2) imposes both a statute of limitation – the action must be commenced within "one year and ninety days" after the claim accrues – and incorporates by reference the procedural requirements for a formal "notice of claim" in New York General Municipal Law § 50-e.  GML § 50-e includes its own limitations period for when a notice of claim must be served, provides for methods of service, and lists what a notice of claim must contain.  GML § 50-e states that its requirements apply to "any case founded upon tort" where a notice of claim is required for proceeding against a public corporation.

PAL § 1276(2) is not the only statute that incorporates GML § 50-e by cross-reference; GML § 50-e also appears in other substantive state statutes that impose conditions to suit as to certain state entities.  One of those is GML § 50-i, which permits a plaintiff to sue a "city, county, town, village, fire district, school district, or any agent or employee thereof" for certain tort claims,[2] if certain requirements, including those in GML § 50-e, are met.  Others include County Law § 52 (claims against counties) and New York Education Law § 6224 (claims against the City University of New York and its subsidiaries).  Like PAL § 1276, Education Law § 6224 has a demand provision and a notice-of-claim provision, but the order of those two subsections is reversed.

---

[1] PAL § 1276(2) treats wrongful-death actions differently from other torts although it gets them to almost the same place.  Rather than imposing a limitation period and incorporating notice-of-claim procedures from GML § 50-e, PAL § 1276(2) directs wrongful-death claimants to another provision of the PAL, Article 9, Title 11, which is entitled "Wrongful Death Actions."  Within that title, § 2980, "wrongful death; notice of claim," incorporates GML § 50-e, and § 2981 sets a two-year limitation period for wrongful-death claims.  So the wrongful-death claimant ends up in the same place as any other tort claimant with regard to filing a notice of claim, but has the benefit of a two-year limitation period, rather than the one year and 90 days provided in § 1276(2).

[2] Although GML § 50-i does not explicitly limit itself to tort actions, it applies to "personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city, county, town, [etc.]" – that is to say, tort claims.  N.Y. Gen. Mun. Law § 50-i (McKinney).

3

Based on the plain language of PAL § 1276 subsections (1) and (2), I conclude that they impose different prerequisites and address different types of cases: subsection (2) requires a formal notice of claim for tort actions, while subsection (1) applies a less stringent demand requirement to all actions, tort or otherwise. Significantly, the detailed notice-of-claim procedures in GML § 50-e, incorporated by reference in subsection (2), are completely absent from subsection (1).

I think this difference matters. When the New York legislature wanted to apply specific, formal requirements for the content and service of a notice of claim, it knew how to do that and did it expressly – but only as to tort claims. Subsection (1) uses broader language; a "demand" is not necessarily the formal notice of claim required in subsection (2). The "demand" in subsection (1) is a superset of subsection (2).

This was thoroughly explained in Andersen in the context of addressing the scope of a 1976 amendment to subsection (6) of PAL § 1276. As amended, subsection (6) provides that

> [t]he provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority. In all other respects, each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named.

N.Y. Pub. Auth. Law § 1276(6) (McKinney). The reason for this amendment, the Andersen Court explained, was that plaintiffs often did not know whether a particular corporate defendant was in fact a subsidiary of the Authority and therefore subject to the notice-of-claim provision in PAL § 1276(2). Before the amendment to subsection (6), a plaintiff would be time-barred if he failed to serve the subsidiary corporation separately from the Authority within the short window for negligence claims. To avoid this, subsection (6) dispensed with the need to file a notice of claim against a subsidiary.

4

The remaining question in Andersen, however, was whether the amendment to subsection (6) also dispensed with the need to plead that at least 30 days prior to commencing the action, the plaintiff had made a demand on the defendant which the defendant had not satisfied, as provided in subsection (1). The Appellate Division held that plaintiffs are still required to comply with the demand pleading requirement in subsection (1):

> [T]he 1976 amendment to subdivision 6 of section 1276 refers expressly only to "[t]he provisions of this section which relate to the requirement for service of a *notice of claim*" (emphasis supplied). Plaintiffs herein seem to be arguing that this amendment also *impliedly* repealed the 30-day demand rule in actions against subsidiary corporations of public authorities. Implied repeals are not favored by the courts, and should be found only where the legislative intent is so clear, or two statutory provisions are so mutually inconsistent, that the only possible conclusion is that an earlier enactment was in fact repealed by a later enactment.

Andersen, 88 A.D.2d at 337-38, 453 N.Y.S.2d at 209. The Appellate Division also quoted with approval the following language from a lower court case:

> On the other hand, subdivision 1 of section 1299-p of the Public Authorities Law[3] which provides the 30-day prohibition against suit is founded on an entirely different legislative concern. Quite obviously, not every occurrence gives rise to a claim for tort liabilities. However, where demand or notice of claim is made, the 30-day statutory prohibition against institution of suit, affords the authority an opportunity to conduct a preliminary investigation and to evaluate the claim. If deemed valid, an 'adjustment or payment thereof' may be made by the authority. Thus the authority is relieved of the legal costs involved in making responsive pleadings and in preparing for litigation, and speedy compensation is made to the injured party.
>
> The condition precedent of notice and the statutory prohibition against suit are not, therefore, inviolably married. In dispensing with the former, as it relates to subsidiary corporations of the authority, the Legislature did not, a fortiori, intend to repeal the latter.

Andersen, 88 A.D.2d at 339, 453 N.Y.S.2d at 209-10 (quoting Niemczyk v. Pawlak, 98 Misc. 2d 532, 535, 414 N.Y.S.2d 285, 288 (Sup. Ct. Erie Co. 1979)).

---

[3] The Anderson trial court relied on the decision of another state trial court analyzing an identical statute, PAL § 1299-p, which applies to actions against the Niagara Frontier Transportation Authority, another state corporation.

In sum, putting aside wrongful-death claims, the differences between PAL § 1276 subsections (1) and (2) are as follows: (i) subsection (1) applies to all damages claims, whether tort actions or not; (ii) as against a subsidiary like the LIRR, non-tort claimants must plead that 30 days have elapsed since their "demand" or "claim"; and (iii) the "demand" or "claim" required by subsection (1) is distinct from the formal "notice of claim" required of tort claimants in subsection (2).

## II.   Application of the Statute by Other Courts

Defendants' motion relies only on the demand requirement of PAL § 1276(1), not the notice-of-claim requirement in subsection (2). One might think this would simplify the inquiry, but the caselaw on PAL § 1276 is hopelessly muddled. The cases that have gone off the rails make a few common errors. First, by ignoring the language differences between subsections (1) and (2) outlined above, some courts have concluded that both sections only apply in tort actions. Second, other courts have struggled over whether a claim under the Human Rights Laws is a tort claim. Finally, some courts have read subsection (1) to impose an additional notice-of-claim requirement rather than a demand requirement, such that a plaintiff must file a notice of claim for any action, not just tort claims.

For the reasons described below, I disagree with these cases. I conclude that subsection (1) – and only subsection (1) – applies to plaintiff's claims under the Human Rights Laws, that section (1) requires only a demand, not a formal notice of claim, and that plaintiff's failure to provide any evidence of a pre-suit demand on defendants means that he failed to comply with the requirements of PAL § 1276. Thus, his Human Rights Law claims must be dismissed.

### A. The Demand Requirement in PAL § 1276(1) Applies to All Claims, Not Just Tort Claims.

The parties have cited to me a single case addressing the interpretation of PAL § 1276, Treanor v. Metropolitan Transportation Authority, 414 F. Supp. 2d 297 (S.D.N.Y. 2005).  The decision supports plaintiff's position here, *i.e.*, that PAL § 1276(1) only applies to tort actions, and because a claim under the Human Rights Laws is not a tort action, a plaintiff need not comply with PAL § 1276(1).  I disagree with Treanor because it failed to read the two subsections together, and therefore did not recognize the key difference in language of the two provisions described by the Anderson Court.  Subsection (1), the demand provision, applies to all claims for damages.  Subsection (2), the notice-of-claim provision, explicitly applies only to tort actions, and incorporates by reference GML § 50-e, which also explicitly applies only to tort actions.  See also United States v. N.Y.C. Dep't of Educ., No. 16-CV-4291, 2017 WL 1319695, at *2 (S.D.N.Y. Apr. 4, 2017) (drawing the same distinction as to the demand and notice-of-claim provisions in Education Law § 3813).

Because I conclude that the demand provision applies to all claims, it really shouldn't matter whether plaintiff's Human Rights Law claims are considered tort actions or not, as long as they are actions for damages (which they are), because defendants only seek dismissal based on subsection (1).  But because other courts have come out differently nonetheless, I explain below why I am not persuaded by those cases.

### B. Claims Under the Human Rights Laws Are Generally Not Tort Actions.

The second point at which other courts have gone astray is the analysis of whether claims under the Human Rights Laws are tort actions for the purposes of PAL § 1276.  A recent New York Court of Appeals decision states that they are not.  See Margerum v. City of Buffalo, 24 N.Y.3d 721, 5 N.Y.S.3d 336 (2015), cited in Kimmel v. State, 29 N.Y.3d 386, 396, 57 N.Y.S.3d

7

678 (2017) (noting that the parties agreed that claims under the Human Rights Laws are not tort actions). In Margerum, the plaintiffs brought a Human Rights Law claim against the City of Buffalo. Because the defendant was a city, GML § 50-i governed whether the plaintiff had complied with the requirements necessary for the waiver of sovereign immunity. As noted above, GML § 50-i incorporates by reference GML § 50-e's procedural requirements for a notice of claim, including the timing, method of service, and the claim's contents. Because the Margerum plaintiffs conceded that they had not filed a notice of claim, the threshold issue was whether Human Rights Law claims are tort claims, and therefore subject to the notice-of-claim requirements in § 50-e.

The Court of Appeals unequivocally stated that such claims are *not* tort actions, citing to several Appellate Division decisions reaching that conclusion:

> The Appellate Division departments addressing the issue have determined that the General Municipal Law does not encompass a cause of action based on the Human Rights Law and "[s]ervice of a notice of claim is therefore not a condition precedent to commencement of an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50–e and 50–i provide the only notice of claim criteria." Human rights claims are not tort actions under section 50–e and are not personal injury, wrongful death, or damage to personal property claims under section 50–i. Nor do we perceive any reason to encumber the filing of discrimination claims. Accordingly, we conclude that there is no notice of claim requirement here.

Margerum, 24 N.Y.3d at 730, 5 N.Y.S.3d at 339-40 (citations omitted) (quoting Picciano v. Nassau Cty. Civ. Serv. Comm'n, 290 A.D.2d 164, 170, 736 N.Y.S.2d 55 (2nd Dep't 2001)).

Margerum would seem to resolve the issue of whether a claim under the Human Rights Laws is a tort action, and, in concluding that it isn't, dispel the concern that a plaintiff must file a notice of claim under PAL § 1276(2) – except for one inconvenient point. As the concurring opinion in Margerum noted, the Court of Appeals had earlier held that a Human Rights Law claim against a *county*, unlike a municipality like the City of Buffalo, was a tort claim. See Mills

8

v. Cty. of Monroe, 59 N.Y.2d 307, 309, 464 N.Y.S.2d 709 (1983), overruled on other grounds, Felder v. Casey, 487 U.S. 131 (1988). In fact, the Court of Appeals held in Mills that even a federal employment-discrimination claim brought under 42 U.S.C. § 1981 was a tort for purposes of the notice-of-claim requirement that applied there. (It was that holding as to the § 1981 claim that the Supreme Court overruled *sub silencio* in Felder.)

The Margerum Court did not refer to its earlier decision in Mills; only the concurrence did. One might seek to explain or justify this (as other courts have) because the statute at issue in Mills was not GML § 50-e, at least not directly. Mills addressed County Law § 52, which, while not explicitly limited to tort actions, self-narrows from the broad "any claim or notice of claim . . . of every name and nature" to only those caused or sustained by "any misfeasance, omission of duty, negligence or wrongful act" – all tort actions – and incorporates GML § 50-e. See Keles v. Yearwood, 254 F. Supp. 3d 466, 471-72 (E.D.N.Y. 2017) (discussing the scope of County Law § 52 in the context of Education Law § 6224).[4]

As noted, the majority in Margerum did not address this inconsistency and, indeed, did not cite Mills at all. But it is difficult for me to square the two holdings. As the concurring opinion in Margerum noted:

> It is hard to believe that the legislature ever intended to create a situation where an action brought against the County of Erie alleging violations of the Human Rights Law would require a notice of claim as a condition precedent to suit, while the same type of action brought against the City of Buffalo would not.

Margerum, 24 N.Y.3d at 733, 5 N.Y.S.3d at 341-42 (Read, J., concurring).

---

[4] Keles is not the only court to conclude, incorrectly in my view, that County Law § 52 is broader than statutes incorporating GML §§ 50-e and 50-i. See Russell v. Westchester Cmty. Coll., No. 16-CV-1712, 2017 WL 4326545, at *6 (S.D.N.Y. Sept. 27, 2017); Brodie v. N.Y.C. Transit Auth., No. 96-cv-6813, 1998 WL 599710, at *10 n.7 (S.D.N.Y. Sept. 10, 1998) (citing cases).

But, despite the contradiction between the holdings in Margerum (affirmed by Kimmel) and Mills, the rule is that Human Rights Law claims are not tort claims where GML §§ 50-e and 50-i provide the only notice of claim criteria, except not in claims against a county under County Law § 52. As we'll see in a moment, this interpretation by the New York Court of Appeals is necessary to debunk other theories of how this statute works, even if – because defendants are only challenging plaintiff's compliance with the demand requirement of § 1276(1) – it doesn't matter for the purposes of this case whether claims under the Human Rights Law are tort claims. This results from the fact that the demand requirement in subsection (1) applies to all actions for damages.

### C. Only PAL § 1276(2), and Not Subsection (1), Imposes a Notice-of-Claim Requirement and Requires Compliance with GML § 50-e.

Despite the language differences discussed in Part II.A, some courts have read demand provisions and notice-of-claim provisions to impose the same requirement. Washington v. Borough of Manhattan Community College, No. 16-cv-6168, 2016 WL 7410717 (S.D.N.Y. Dec. 21, 2016), did so in the context of Education Law § 6224. Subsection (1) of § 6224 is not explicitly limited to tort claims, but it does incorporate GML §§ 50-e and 50-i. Since those GML provisions are themselves restricted to tort claims, it is at least arguable that only tort claims brought against CUNY or its subsidiaries are subject to the notice-of-claim requirements laid out in those sections. Under this theory, all other claims are still subject to NYEL § 6224(2), which, in essence, imposes the same 30-day demand requirement as PAL § 1276(1).

The Washington Court started from the same point as the Keles Court: it acknowledged Margerum's holding that notice-of-claim provisions do not apply to Human Rights Law claims when "General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria." Washington, 2016 WL 7410717, at *2 (quoting Margerum, 25 N.Y.3d at 730). But the

10

Washington court concluded that Margerum did not resolve the issue, because the Washington Court interpreted Education Law § 6224 subsection (2), the demand requirement, as an "alternate notice of claim criteria." Id. at *2. The court also cited a number of pre-Margerum district-court cases which had dismissed Human Rights Law claims for failure to file a notice of claim. Id., at *1. The Washington Court therefore concluded that, based on this alternative notice-of-claim criteria, Margerum's holding did not apply, and the court dismissed plaintiff's Human Rights Law claims for failure to provide a notice of claim.

The Washington Court's mistake was a variation of the one made by Treanor: the Court glossed over the distinction between the demand and notice-of-claim requirements by reading them both as notice-of-claim requirements. By ignoring the critical distinctions in language, Washington improperly side-stepped the holding in Margerum, which made clear that a notice-of-claim is not required for Human Rights Law claims. Although Margerum was construing GML §§ 50-e and 50-i themselves, those laws are expressly incorporated in the notice-of-claim provision of Education Law § 6224(1); it is hard to see why a Human Rights Law claim is not a tort under GML § 50-e standing alone, but is a tort when the same provision is incorporated in Education Law § 6224(1).

Under my approach, the language of the statute itself, while certainly not the paragon of clarity, gets us most of the way there. By reading the language of subsections (1) and (2) together, we can see that they impose different requirements, and while both apply in tort actions, subsection (1) also applies in all other actions for damages. The New York Court of Appeals held in Margerum and confirmed in Kimmel that a claim under the Human Rights Laws is not a tort, which means a plaintiff bringing a claim under the Human Rights Laws need not file a formal notice of claim, but still must comply with subsection (1)'s separate, less-formal

11

demand requirement. That means the issue left for me to resolve is whether plaintiff here complied with the demand requirement of PAL § 1276 subsection (1) in bringing his claims under the Human Rights Laws.

### III.     Application of PAL § 1276(1) to Plaintiff's Claims

Here, defendants argue, and I agree, that PAL § 1276(1) applies and that plaintiff was therefore required to plead in his complaint that he made a demand on defendants and that 30 days elapsed between the demand and when plaintiff filed this action. There is no dispute that the complaint contains no such allegation.

That, however, does not end the inquiry. The required contents of a federal-court complaint are set forth in Federal Rule of Civil Procedure 8(a), and they do not include a requirement that the demand or claims be presented as described in PAL § 1276(1). It is well established that state pleading requirements are inapplicable in federal court. See Stirling Homex Corp. v. Homasote Co., 437 F.2d 87, 88 (2d Cir. 1971). This is because the form of a complaint is a procedural issue and federal courts only defer to state procedures in unusual circumstances when state pleading requirements are deemed substantive. See Thresher v. Gulf States Paper Corp., 244 F. Supp. 2d 175, 178 (W.D.N.Y. 2003). This case does not present such circumstances.

This is not to say that PAL § 1276(1) has no role to play in federal court. It expresses the will of the New York legislature that no action for damages can be brought against the LIRR under the Human Rights Laws or any other theory unless the plaintiff, has, in fact, made a demand on the defendant and the defendant was given 30 days to satisfy that demand. PAL § 1276(1) imposes a substantive precondition to suit. See Wilson v. State, 61 A.D.3d 1367, 1368, 876 N.Y.S.2d 818, 819 (4th Dep't 2009) (referring to the notice-of-claim requirement in

Court of Claims Act § 10(3) as imposing "substantive conditions upon the State's waiver of sovereign immunity").

The court in Keles was able avoid the state-versus-federal-pleading problem because Education Law § 6224(2), in contrast to PAL § 1276(1), allowed the demand allegation to appear "in the complaint *or necessary moving papers*." 254 F. Supp. 3d at 472. The Keles Court found that, in fact, the plaintiff had made a demand upon defendant more than 30 days prior to commencing the action, and that the demand was properly brought to the Court's attention when it was annexed to the plaintiff's papers in opposition to the defendant's motion. See also Berrie v. Bd. of Educ., No. 14-CV-6416, 2017 WL 2374363, at *8 (S.D.N.Y. May 31, 2017) (concluding that the demand requirement in Education Law § 3813(1) would be satisfied by serving defendant district or school with any document sufficiently formal and detailed for the district to investigate the claims).

Here, plaintiff has failed to provide the Court with any indication that he made a demand on defendants prior to filing his complaint. He was apparently focused on the Title VII claims, and since the matter had proceeded through arbitration confirming his termination, he was primarily concerned with acquiring a right-to-sue letter from the EEOC, which he did. Since plaintiff failed to comply with PAL § 1276(1), his Human Rights Law claims cannot proceed.

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff's claims pursuant to NYSHRL § 296 and NYCHRL § 8-107 are dismissed without prejudice to reassertion after compliance with PAL § 1276(1).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 21, 2017