```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ASTON SHAW,                                                 :    **MEMORANDUM DECISION**
                                                            :    **AND ORDER**
                            Plaintiff,                      :
                                                            :     16-cv-6972 (BMC)
            - against -                                     :
                                                            :
LONG ISLAND RAILROAD COMPANY d/b/a                          :
MTA LONG ISLAND RAILROAD,                                   :
METROPOLITAN TRANSIT AUTHORITY,                             :
and MARILYN KUSTOFF, in her personal and                    :
official capacity,                                          :
                                                            :
                            Defendants.                     :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff moved for reconsideration of this Court's order granting defendants' motion to dismiss the claims brought against them under the New York State and New York City Human Rights Laws. As explained further below, the Court declines to exercise supplemental jurisdiction over these state- and city-law claims because they raise novel questions of non-federal law and, when combined, create a significant risk that they will substantially predominate over the federal Title VII claims – the source of this Court's original jurisdiction. In light of my decision to decline supplemental jurisdiction, the motion for reconsideration is denied as moot.

## BACKGROUND

Defendants Long Island Railroad Company ("LIRR") and LIRR employee Marilyn Kustoff moved to dismiss plaintiff's claims under New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296, and New York City Human Rights Law ("NYCHRL"), New York Administrative Code § 8-107, based on plaintiff's failure to comply

with New York Public Authorities Law ("PAL") § 1276. PAL § 1276 is one of a number of state statutes by which the state, on its own behalf or on behalf of municipalities, counties, wholly-owned state corporations, or other state entities, has conditioned its waiver of sovereign immunity on a plaintiff's compliance with certain notice, pleading, or pre-suit claim requirements.

PAL § 1276 includes two subsections: subsection one, the demand provision, applies to every type of action except those for injunctive or other equitable relief and requires that a plaintiff plead that 30 days have passed since plaintiff's "demand" or "claim" was "presented to a member of the authority or other officer designated for such purpose." The second subsection, the notice-of-claim provision, applies only to actions "founded on tort." For all tort actions except those for wrongful death, subsection (2) incorporates by reference the procedural requirements for a formal notice of claim in New York General Municipal Law § 50-e. GML § 50-e, in turn, provides for methods of service and lists what a notice of claim must contain. It also explicitly states that its requirements apply to "any case founded upon tort" where a notice of claim is required for proceeding against a public corporation (further evidence that subsection (2) only applies to tort actions).

In the order for which plaintiff seeks reconsideration, I concluded that PAL § 1276 subsections (1) and (2) impose different prerequisites and address different types of cases: subsection (2) requires a formal notice of claim for tort actions, while subsection (1) applies a less stringent demand requirement to all actions, tort or otherwise. Because New York courts have concluded that claims under the NYSHRL and NYCHRL are not tort actions,[1] see

---

[1] This is true except in actions against a county (for reasons not relevant here).

Margerum v. City of Buffalo, 24 N.Y.3d 721, 730, 5 N.Y.S.3d 336, 339-40 (2015), I concluded that only subsection (1) applies to plaintiff's claims.

And because state-law pleading requirements like the one imposed by PAL § 1276(1) generally do not apply in federal court, see Stirling Homex Corp. v. Homasote Co., 437 F.2d 87, 88 (2d Cir. 1971), I concluded that plaintiff's failure to *plead* compliance with PAL § 1276(1) was not dispositive of the motion to dismiss. But PAL § 1276(1) still imposes a substantive precondition to suit. See Wilson v. State, 61 A.D.3d 1367, 1368, 876 N.Y.S.2d 818, 819 (4th Dep't 2009). Plaintiff did not provide the Court with any indication that he had made a demand on defendants before filing his complaint, which he could have provided by amending his complaint after receiving the answer (in which defendants raised this defense), or by stating so in his response to defendants' motion to dismiss. I therefore concluded that plaintiff's failure to timely provide any evidence of a pre-suit demand meant that he had failed to comply with the requirements of PAL § 1276(1). I dismissed the state- and city-law claims without prejudice to plaintiff reasserting them after he complied with the statute.

After I granted defendants' motion to dismiss, plaintiff filed a letter motion for leave to file an amended complaint. Plaintiff's proposed amended complaint added four paragraphs, alleging, *inter alia*, that the Equal Employment Opportunity Commission ("EEOC") forwarded a copy of plaintiff's Charge of Discrimination to the LIRR's VP General Counsel's Office, that the LIRR responded to plaintiff's Charge of Discrimination on May 15, 2015, and that, as required by PAL § 1276(1), 30 days had passed since plaintiff made a demand on the LIRR and the LIRR neglected or refused to pay plaintiff's demand. Plaintiff also moved to stay the trial, which was scheduled to begin the following week.

I granted plaintiff's motion to stay the trial, but denied the balance of his motion without prejudice to plaintiff moving for reconsideration of the dismissal order. The order denying plaintiff's motion for leave to amend noted that I was sympathetic to plaintiff's position that defendants' last-minute motion suggested gamesmanship. But I concluded that plaintiff's motion to amend the complaint was actually a motion for reconsideration of the dismissal order, because, as the order explained, a federal-court plaintiff (like plaintiff here) is not required to *plead* compliance with PAL § 1276(1) to satisfy its requirements. Plaintiff had an opportunity to satisfy § 1276(1) by presenting arguments and evidence about the EEOC charge or mediation in his opposition to defendants' motion to dismiss, but chose instead to argue only that subsection (1) did not apply to his claims at all.

After entering the order dismissing plaintiff's state- and city-law claims, I ordered plaintiff to show cause why I should not decline to exercise jurisdiction over those claims on the grounds that they substantially predominate over the federal Title VII claims and raise novel or complex issues of non-federal law.

Plaintiff moved for reconsideration on December 22, 2017. On January 12, 2017, defendants responded that they did not oppose plaintiff's motion for reconsideration.

## DISCUSSION

There is always some tension when a Title VII claim is tried together with a claim under the NYCHRL. In some ways, the NYCHRL undercuts federal congressional goals by allowing liability in situations in which Congress did not permit it: The statute of limitations for the NYCHRL is much longer than for Title VII; the NYCHRL has no administrative exhaustion requirement; the NYCHRL allows suits against individuals, rather than just against employers; and, perhaps most importantly, the NYCHRL has a more liberal standard for recovery, requiring

4

a plaintiff to show only that her employer "treated her less well, at least in part for a discriminatory reason," Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 n.8 (2d Cir. 2013), rather than that an employer's discriminatory intent was a substantial or motivating factor in an adverse employment action plaintiff suffered. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015); see, e.g., Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 53 (2d Cir. 2014) (applying the "substantial factor" standard in a NYSHRL case).

This is not to say that NYCHRL claims cannot be tried in federal court. There is no issue of federal preemption; states and cities are free to regulate the employer-employee relationship within their borders by giving employees more protection than Title VII. But the differing standards between those more stringent protections and federal law mean that federal judges must apply state law to interpret the state standards, and that creates an opportunity for "novel or complex issue[s] of State law" to sneak into otherwise purely federal cases. It also creates the risk that these tricky state-law issues may cause the state claim to "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." See 28 U.S.C. § 1367(c). These potential concerns are two of the factors identified in 28 U.S.C. § 1367(c), the supplemental jurisdiction statute, as reasons why a federal district court might decline to exercise otherwise proper supplemental jurisdiction.

The latter factor, predomination, is very much at play because of the more liberal standard of proof under the NYCHRL. In effect, if the claims are put to the jury at the same time, the jury is given an "easier" way find for the plaintiff – the NYCHRL – and a "harder" way – Title VII. It is no wonder that plaintiffs' lawyers like to have these two claims put to the jury at the same time: The NYCHRL claim may have an "anchoring" effect, that is, it may provide

5

an easier way for the jurors to find for the plaintiff if they cannot agree that discriminatory intent was a "substantial factor" in the adverse employment action. If that happens, or even if the jurors decide they need not reach the Title VII claim because they have already found for the plaintiff on the NYCHRL claim, then Title VII, the very basis for federal jurisdiction, will have been eclipsed entirely. In these cases, city claims brought under supplemental jurisdiction systematically become the driver of the litigation, rather than the passenger.

In prior cases, I have sought to mitigate this potential problem by bifurcating the NYCHRL claim. This has meant, in practice, that the jury decides the Title VII claim without having been advised or instructed that there is also a NYCHRL claim. If the jury returns a verdict for the plaintiff, then there is no need for the NYCHRL claim and it is dismissed as duplicative. If the jury returns a verdict for the defendant, then I instruct them on the NYCHRL standard, give the parties a few minutes to argue that standard (there is no need for any additional proofs), and then the jury returns a verdict on the NYCHRL claim. It is not a perfect solution, but it at least ensures that a federal jury first considers the federal claim that is the basis for original federal jurisdiction.

In instant case, however, there is an even greater chance that the non-federal, city claims will dominate this action – indeed, they already have. This case presents more than just the usual tension between Title VII and NYCHRL; the overlay of PAL § 1276(1) raises several novel questions which the caselaw has either inadequately addressed or not addressed at all.

First, I concluded in the dismissal order that although subsection (2) of PAL § 1276 does not apply to claims under the NYCHRL and NYSHRL, subsection (1) does: a plaintiff must make a pre-suit demand on a public authority defendant before bringing suit. But this is hardly a settled issue: As I described in that order, other federal courts have reached a different

conclusion for several different reasons. Ultimately, the New York Court of Appeals will have to answer the question.

In the same order, I also concluded that when a plaintiff brings suit against a public authority in federal court, the literal language of NYPAL § 1276(1) – requiring that the plaintiff plead the pre-suit demand – does not apply in federal court, because Federal Rule of Civil Procedure 8(a) alone sets out the requirements for federal pleading. But I also decided that because the statute has a substantive purpose, it still applies in federal court to the extent that a plaintiff cannot bring suit against a public authority without having made the demand, even if he fails to plead that he has made the demand. Whether the substantive purpose applies in this way turns on questions of federalism, which will be finally resolved by a higher federal court.

In addition to these two issues which I have already decided, plaintiff's motion for reconsideration raises other issues of state law that no court has considered. First, plaintiff contends that the charge of discrimination which he presented to the EEOC fulfills PAL § 1276(1)'s demand requirement. No court has addressed that issue. Indeed, no court has considered any issue relating to the form and contents of demand required by the subsection (1). One could imagine that the EEOC charge – which includes the name and address of each claimant, the nature of the claim, and a sworn statement providing information about the charging party's allegations of discrimination – might notify the defendant employer of the basic facts which the plaintiff believes constitute discrimination. But an EEOC complaint or charge does not necessarily establish that the plaintiff intends to sue the defendant: perhaps the plaintiff will be satisfied with the remedy available through the administrative process, or, plaintiff will be unwilling to deal with the burden of litigation if the EEOC does not find cause to sue.

And even if a New York state court were to conclude that the EEOC charge provides sufficient notice of intent to sue, that may not be enough for it to satisfy the *demand* requirement under subsection (1). The New York Court of Appeals has distinguished the demand requirement's purpose – giving state corporations an opportunity to evaluate and settle a plaintiff's claims to avoid litigation – from that of subsection (2), whose more formal notice-of-claim requirement the Court has interpreted "to assure that the public authority will be given prompt notice after the accrual of the claim to permit effective investigation of the circumstances out of which the claim arose." See Andersen v. Long Island R.R., 59 N.Y.2d 657, 661, 463 N.Y.S.2d 407, 408 (1983). Deciding whether the EEOC charge satisfies § 1276(1) would require this federal Court to wade into this murky area of state law with only Anderson's discussion of the two subsections' general purpose for guidance.

Second, plaintiff contends that even if the EEOC charge does not suffice against the public authority, the demand requirement does not apply to the authority's individual employees at all. Again, there are reasonable arguments on both sides. The First Department has held that if the public authority will indemnify its defendant employees, then, even though PAL § 1276 does not mention suits against employees, the plaintiff must make a demand on the public-authority employer because it is the real party in interest. See Wolfson v. Metro. Transp. Auth., 123 A.D.3d 635, 635-36, 2 N.Y.S.3d 79 (1st Dep't 2014).

Here, I do not know if public-authority defendant LIRR will indemnify the individual defendant Kustoff (although it would seem strange if it will not, given that the same attorney is representing both of them in this case). But either way, it would be odd if a plaintiff could circumvent the statute by suing only the public-authority employee; after all, discrimination is usually the result of the discriminatory intent of one or more management employees. On the

other hand, the statute's text does not mention a demand requirement for suits against individual employees. And again, other than Wolfson, there is no authority on these issues.

With these novel questions steering the NYCHRL claims, subsections (c)(1) (novel or complex issues of state law) and (c)(2) (substantial predominance of state claims) of the supplemental jurisdiction statute counsel in favor of declining supplemental jurisdiction. See 28 U.S.C. § 1367(c). When I concluded that the demand requirement of PAL § 1276(1) must be met, even in an action brought in federal court, I did not realize that my ruling would raise other state-law issues because the parties had not eluded to nay. Now that those issues have been identified in the motion for reconsideration, I consider my initial ruling as far out on a branch of the tree of federalism as I care to climb. The issues under PAL §1276 have already dominated this case and will continue to do so as long as I retain supplemental jurisdiction.

Furthermore, plaintiff will not be seriously prejudiced by my decision to decline supplemental jurisdiction. Although my declination raises the inconvenient possibility of two trials on the same facts, as a practical matter, that outcome is unlikely to happen. Plaintiff therefore has the following options: he may proceed to trial forthwith on his Title VII claims, which form the basis for his presence in federal court; alternatively, at his request, I will stay this action provided that he promptly seeks a trial of his NYSHRL and NYCHRL claims in state court. If he prevails in state court, then he will no longer need this action; if he does not prevail on his NYCHRL claim in state court, that judgment, because of the more liberal NYCHRL standard of proof, he will probably preclude him from re-litigating the same issue in this Court.

**CONCLUSION**

The Court declines supplemental jurisdiction over plaintiff's New York State and New York City Human Rights Claims against both defendants. The claims are hereby dismissed

9

without prejudice to plaintiff asserting them in state court.  Plaintiff is to advise the Court within 7 days whether he wishes to go forward on his federal claims now or await the disposition of his state law claims in state court.  In light of the Court's decision to decline supplemental jurisdiction, plaintiff's motion for reconsideration is denied as moot.

**SO ORDERED.**

                                                                                     _____

                                                                                                              U.S.D.J.

Dated: Brooklyn, New York
        February 7, 2018